**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1196-18T3

DWAYNE LAMBERT,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted December 3, 2019 – Decided December 12, 2019

Before Judges Fisher and Gilson.

On appeal from the New Jersey Department of Corrections.

Dwayne Lambert, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas A. Sullivan, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, an inmate of the Southern State Correctional Facility, appeals a determination that imposed disciplinary sanctions due to his having committed prohibited act *.306 (conduct which disrupts or interferes with the security or orderly running of a correctional facility), N.J.A.C. 10A:4-4.1(a). He argues that the hearing officer's determination, which was upheld by the assistant superintendent, was not supported by substantial evidence. We disagree and affirm.

As a result of a physical altercation with another inmate, appellant was charged with prohibited act *.306, as well as *.004 (fighting with another). At a hearing, the evidence revealed that appellant told the other involved inmate that "they couldn't work together." A video captured what followed; it revealed to the hearing officer that appellant walked towards the other inmate "in an aggressive manner" and "provoked the fight" that followed. Based on this evidence, the hearing officer concluded in so many words that appellant received the brunt of the assault that ensued, but that appellant had engaged in conduct that triggered the fight. That instigation, in the hearing officer's determination, was sufficient to support a finding that appellant violated *.306, N.J.A.C. 10A:4-4.1(a).

A-1196-18T3

Having closely examined the record in light of the argument posed, we conclude there was substantial evidence from which the hearing officer could find appellant violated *.306.  Appellant has provided no principled reason for a departure from our well-established appellate standard of review, which requires that we not disturb final agency decisions – like that rendered here – that are not arbitrary, capricious, unreasonable, or unsupported by credible evidence.  See In re Taylor, 158 N.J. 644, 657 (1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1196-18T3